Citation Nr: 1522724 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 14-02 683 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for tinnitus. 


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Larson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1969 to September 1973 and from June 1974 to June 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

The Veteran had a videoconference hearing before the undersigned Veteran's Law Judge in April 2014. A transcript of the hearing is contained in the electronic record.


FINDING OF FACT

The Veteran has tinnitus which is related to service.


CONCLUSION OF LAW

The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303, 3.307, 3.309 (2014). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Service Connection

The Veteran contends that he suffers from tinnitus as a result of his active duty service. Specifically, he cites his job in the military working in and around tanks as the source of his noise exposure. 

Service connection is granted for disability resulting from personal injury sustained or disease contracted in the line of duty during active military service, or for aggravation during service of a pre-existing condition, meaning for a permanent worsening of the condition above and beyond its natural progression. 38 U.S.C.A. §§ 1110, 1131, 1153; 38 C.F.R. §§ 3.303, 3.306.

"To establish a right to compensation for a present disability, a claimant must show: '(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or an injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called 'nexus' requirement.'" Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

In order to grant a claim of entitlement to service connection for an alleged disability, VA must examine the evidence and determine whether the claim is supported or the evidence for and against it is in relative equipoise, meaning about evenly balanced, with the claimant prevailing in either event, or whether instead a preponderance of the evidence is against the claim, in which case the claim must be denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Some chronic diseases, including organic diseases of the nervous system such as tinnitus, are presumed by law and regulation to have been incurred in service, if they become manifest to a degree of ten percent or more within a corresponding applicable presumptive period. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2014); Fountain v. McDonald, No. 13-0540 (Vet. App. Feb. 9, 2015). 

 For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b) . 

 Entitlement to service connection on the basis of a continuity of symptomatology after discharge under 38 C.F.R. § 3.303(b) is only available for the specific chronic diseases listed in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1335-36 (Fed. Cir. 2013).

Service connection may also be granted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Veteran's DD-214's list his military occupational specialty as a tank crewman. He has competently reported that he was subjected to constant noise in this capacity and did not always wear hearing protection. The STRs chart a worsening of his hearing acuity and he is service-connected for bilateral hearing loss. Specifically in May 1972, an STR documents ear trouble and headaches attributed to loud noise from his work with tanks. He was diagnosed with bilateral high frequency hearing loss. Thus, the Board is conceding that he experienced acoustic trauma while on active duty. The STRs do not contain any complaints or symptoms concerning tinnitus, however.

The Veteran underwent a VA audiological examination in June 2011. There, he stated that he heard a ringing in his ears one or two times per week lasting a few seconds. He stated that this began in 1991. The examiner concluded: 

Based upon the frequency and duration of the ringing, it would not be considered clinically significant and does not meet any clinical definition of tinnitus. It is consistent with ordinary head noise. 

Thus, the examiner did provide a diagnosis of tinnitus for the Veteran. 

The Veteran disputed the findings of the examination. In his appeal, he indicated he never complained about tinnitus in service as he thought it would not do any good. Generally, he said he was discouraged from seeking medical treatment in service. In his July 2011 notice of disagreement, he stated that his tinnitus was constant and that he never told the examiner it only occurred one or two times a week. He reiterated this at his April 2014 Board hearing. The Board notes that tinnitus is a condition where lay observation can be competent as to the presence of the disability, that is, tinnitus is capable of lay observation. See Charles v. Principi, 16 Vet. App. 370 (2002). 

It is undisputed that the Veteran was routinely exposed to noise during service. Although he did not seek formal treatment for such, he has indicated he experienced tinnitus in service. Consistent with 38 C.F.R. § 3.303(b), the Veteran's account of the onset and frequency of his tinnitus symptoms demonstrates a continuity of symptomatology. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau, 492 F.3d at 1376-77. Thus, resolving reasonable doubt in the Veteran's favor, service connection for tinnitus is warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.



ORDER

Entitlement to tinnitus is granted. 



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs